UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYAM PARMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CATHERINE GUNTHER,<br><br>    Defendant. | Case No. 23-mc-80009-TSH<br><br>**ORDER RE: MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 3 |

    Maryam Parman requests the Court issue an order to show cause why non-party Meta Platform, Inc. should not be held in civil contempt in order to compel its production in compliance with a subpoena duces tecum served on June 27, 2022.  ECF No. 3.  Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  However, "while Rule 45 subpoenas are treated as court orders, '[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena.'"  *Gordy v. Granlund*, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019) (quoting Advisory Comm. Note to 2013 Amendment to Rule 45(g)); *Erickson v. Builder Advisor Grp. LLC*, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022).  Thus, "many [c]ourts have noted . . . that [b]efore sanctions can be imposed under [the Rule], there must be a court order compelling discovery."  *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) ((internal citations and quotation marks omitted; alternations in the original); *see also In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions

can be awarded."); *Erickson*, 2022 WL 1265823, at *2.

Here, the Court has not previously ordered compliance with the subpoena, and it is therefore premature to find Meta in contempt. *See Poturich*, 2015 WL 12766048, at *3 (declining to award sanctions under Rule 45's contempt authority where there was no court order compelling discovery in place); *Erickson*, 2022 WL 1265823, at *2 (same); *Gordy*, 2019 WL 3753184, at *2 (declining to hold non-party in contempt under Rule 45 where no order compelling non-party's compliance with subpoena had issued). Accordingly, the Court **DENIES** Parman's motion for an order to show cause **WITHOUT PREJUDICE**.

The Court also notes the parties have now filed a stipulation to extend the deadline for Meta to oppose the motion to February 6, 2023. ECF No. 8. As this request is now moot, the Court **ORDERS** the parties to meet and confer by February 6 and, if unable to resolve their dispute, file a joint letter in compliance with the undersigned's Discovery Standing Order, available on the Court's website at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.

**IT IS SO ORDERED.**

Dated: January 25, 2023

THOMAS S. HIXSON
United States Magistrate Judge

2